```
                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE SOUTHERN DISTRICT OF TEXAS
                              HOUSTON DIVISION


AZTEC, AS DISPLAYS AND           §
FRANCISCO MALDONADO,             §
                                 §
      Plaintiffs,                §
                                 §
v.                               §    CIVIL ACTION NO. H-08-2735
                                 §
M&G DISPLAYS AND                 §
MARTIN MALDONADO,                §
                                 §
      Defendants,                §
```

**ORDER**

Plaintiffs filed an amended complaint on May 21, 2010,[1] within the time frame allowed by the controlling scheduling order,[2] but without requesting leave of court. As explained below, the court[3] **GRANTS** Plaintiffs leave to file the amended complaint and **GRANTS** Defendants fourteen days from the date of this order to answer the amended complaint.

Plaintiffs filed their original complaint in September 2008.[4] After a brush with the entry of default and default judgment,[5]

---

[1] See Complaint, Docket Entry Nos. 73, 74 (apparently identical entries).

[2] See Docket Control Order, Docket Entry No. 60.

[3] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. Docket Entry No. 43.

[4] See Complaint, Docket Entry No. 1.

[5] See Order dated Dec. 19, 2008, Docket Entry No. 10; Order dated Jan. 27, 2009, Docket Entry No. 13; Final Judgment, Docket Entry No. 14; Order dated Mar. 24, 2009, Docket Entry No. 21.

Defendants answered Plaintiffs' original complaint in April 2009.[6] The court entered a docket control order in May 2009 and amended it in March of this year.[7] The amended deadline for amending pleadings was May 21, 2010.[8] Plaintiffs timely filed their amended pleading on that date.[9]

In their amended complaint, Plaintiffs make a number of significant changes.[10] In addition to correcting the parties' names and Aztec, As Displays' business structure, Plaintiffs changed the date of the introduction of the subject octagonal table and added information about their relationship with Mission Foods.[11] Plaintiffs also added details to counts one, two, four, and five and added two entirely new counts: trade dress infringement and intentional interference with prospective and existing business relationships.[12] Defendants have not expressed opposition to Plaintiffs' amended complaint, have not objected to the filing of it without leave, and have not filed an amended answer to address

---

[6]     See Answer, Docket Entry No. 25.

[7]     Docket Control Order, Docket Entry No. 30; Docket Control Order, Docket Entry No. 60.

[8]     See Docket Control Order, Docket Entry No. 60.

[9]     See Amended Complaint, Docket Entry Nos. 73, 74.

[10]    See id.

[11]    See id. at pp. 1-3, 5.

[12]    See id. at pp. 6-10.

the new factual and legal allegations.

Federal Rule of Civil Procedure 15(a)(1) allows a plaintiff to amend once as a matter of course before service of a responsive pleading. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Because Defendants answered the original pleading, Plaintiffs' amendment is governed by Rule 15(a)(2). Setting a deadline for amending pleadings does not confer automatic leave, unless the scheduling order specifically states that, within the time period allowed, leave need not be sought. Neither of the scheduling orders entered in this case negates Plaintiffs' obligations under Rule 15(a)(2).

The rule notwithstanding, absent any objection by Defendants, the court finds it appropriate to allow the amendment. The court also finds it necessary to give Defendants additional time to answer, should they chose to do so.

**SIGNED** in Houston, Texas, this 19th day of July, 2010.

Nancy K. Johnson
United States Magistrate Judge